IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FIDELITY EXPLORATION & PRODUCTION COMPANY,<br><br>Defendant. | Criminal Case No. 4:11-po-003-DLH<br><br><br>PLEA AGREEMENT |

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America, by its attorneys, Timothy Q. Purdon, United States Attorney for the District of North Dakota, and Cameron W. Hayden, Assistant United States Attorney, and the Defendant, Fidelity Exploration & Production Company, by its attorney, Mark L. Stermitz, agree to the following:

1.   Defendant acknowledges the Information charges a violation of Title 16, United States Code, Sections 703 and 707(a).

2.   <u>Corporate Authorization</u>.  The Defendant represents that it is authorized to enter into this Plea Agreement and to bind itself to its terms.  The guilty plea is to be entered by the Defendant through an agent who has been duly and properly authorized by the Defendant to enter the guilty plea in this case and to act for the Defendant.

3. Defendant has read the charge and Defendant's attorneys have explained the charge to Defendant.

4. Defendant fully understands the nature and elements of the charged crime.

5. Defendant will voluntarily plead guilty to the Information.

6. The parties agree this Plea Agreement shall be filed as part of the Court record, and be governed by Federal Rule of Criminal Procedure 11(c)(1)(C).

7. <u>Maximum Statutory Penalties</u>: The Defendant understands that the crime alleged in the Information, to which it will plead guilty, is a Class B misdemeanor. (Title 16, United States Code, Section 707(a), Title 18, United States Code, Section 3559(a)(7)). The Defendant understands that the maximum statutory penalty for an organization convicted of the crime charged in the Information is a fine of not more than $15,000 (Title 16, United States Code, Section 707); probation for up to five years (Title 18, United States Code, Section 3561(c)(2)); and a special assessment of $50 (Title 18, United States Code, Section 3013 (a)(1)(B)(ii)).

Defendant agrees to pay the Clerk of United States District Court the $50 special assessment on or before the day of sentencing.

8. Defendant will plead guilty because Defendant is in fact guilty of the charge. In pleading guilty to the charge, the Defendant acknowledges that:

2

    a. On or about the date(s) listed in the Information, and within the District of North Dakota, the Defendant, through a person or entity acting on its behalf, did take (meaning in this case, "capture," "possess," "wound" or "kill" (including attempts), pursuant to Title 50, Code of Federal Regulations, Sections 10.12 and 10.13).

    b. The taking was unlawful, in that no permit or other valid authorization was legally available to the Defendant nor the person or entity acting on its behalf to take (kill) the migratory birds listed in the charge.

    c. The Defendant has previously received a notice of Violation issued by the United States Fish and Wildlife Service for illegal take of migratory birds at a reserve pit on one of its oil production facilities.

    d. On or about May 6, 2011 an investigation established the offense charged in the Information was committed and that the Defendant committed the offense, as described below:

9. U.S. Fish and Wildlife Service (USFWS) Special Agent (SA) Richard Grosz states that on May 6, 2011, while acting as a duly authorized law enforcement officer in the District of North Dakota, an investigation revealed:

    a. Fidelity Exploration & Production Company operates in the State of North Dakota and is licensed by the North Dakota Secretary of State under identification number 16887600.

b.  Fidelity Exploration & Production Company extracts mineral deposits from land within the exterior boundary of North Dakota to include oil and oil by-products.

c.  The Migratory Bird Treaty Act ("MBTA"), 16 U.S.C. § 703, states in pertinent part, "Unless and except as permitted by regulations made as hereinafter provided in this subchapter, it shall be unlawful at any time, by any means or in any manner, to . . .take, capture, kill, attempt to take, capture, or kill, possess . ., any migratory bird . . . ."

d.  Title 50, Code of Federal Regulations, Part 10.13 provides a list of migratory birds that includes the solitary sandpiper (Tringa solitaria).

e.  USFWS does not issue permits to oil companies to take migratory birds through oil production activities, which includes but is not limited to production activities by Fidelity Exploration & Production Company.

f.  On May 6, 2011, SA Richard Grosz and Service Contaminants Specialist (CS) Micah Reuber inspected an oil production facility operated by Fidelity Exploration & Production Company and identified as the Krables 22-15H site, which was located at Township 155 North, Range 91 West, Section 22, Mountrail County, North Dakota, having North Dakota Industrial Commission File Number 20029.

g.  Upon inspection of the flagged reserve pit (not netted), SA Grosz noticed an oil sheen on the fluid of the reserve pit. Further, SA Grosz observed one dead and oiled migratory bird, which was collected and later identified as a solitary sandpiper. Based upon SA Grosz's experience and education, SA Grosz states that it reasonably appeared the oiled solitary sandpiper was trapped, captured, or died as a result of exposure to the contents of the oil reserve pit.

h.  The dead migratory bird collected from the Krables site was transferred to the Service's National Fish and Wildlife Forensics Laboratory (Lab) for specie identification. A report submitted from the Lab confirmed the dead migratory bird was a solitary sandpiper.

i.  Based on information supplied from Kyle Joersz of the North Dakota Industrial Commission Oil and Gas Division, the Krables 22-15H site had a Spud date of February 1, 2011 (initial date of drilling), and was awaiting completion at the time of the investigation.

5

10. <u>Acceptance of Responsibility</u>. The Defendant accepts responsibility for the actions and circumstances alleged in the Information and set forth in the preceding section. Defendant attempted to net the pit, but adverse location conditions prevented it from netting the pit. Defendant agrees to continue to make a good faith effort to voluntarily take measures to minimize and prevent future migratory bird mortalities in the District of North Dakota, including incorporation of semi-closed loop drilling and reserve pit netting during drilling.

11. Defendant understands that by pleading guilty Defendant surrenders rights, including:

(a) The right to a speedy trial and related rights as follow:

(i) There is no right to a jury trial for Class B Misdemeanor; therefore, at trial the Judge would find the facts and determine whether Defendant was guilty beyond a reasonable doubt.

(ii) At a trial, the United States is required to present witness testimony and other evidence against Defendant. Defendant's attorney can confront and cross-examine them. In turn, the defense can present witness testimony and other evidence. If witnesses for Defendant refuse to appear voluntarily, Defendant can require their attendance through the subpoena power of the Court.

12. Defendant understands that by pleading guilty Defendant gives up all of the rights set forth in the prior paragraph, and there will be no trial.

Defendant's attorney has explained these rights, and consequences of Defendant's waiver.

13. The parties agree that the Sentencing Guidelines are not mandatory and do not apply to Class B misdemeanors.

14. The parties jointly agree to the following sentence:

    (a) no term of probation or supervision;

    (b) no fine;

    (c) special assessment of $50; and

    (d) in furtherance of the sentencing principles provided under Title 18, United States Code, Section 3553(a), the Defendant shall make a community service payment of $1,500.00 to be paid to the National Fish and Wildlife Foundation (NFWF).

15. <u>Non-Prosecution of Additional Offenses</u>. As part of this Plea Agreement and in consideration of the Defendant's cooperation, plea of guilty to the Information, and acceptance of responsibility, the government agrees to forego additional criminal prosecution of the Defendant in the District of North Dakota for any other criminal environmental offenses involving the unlawful taking of migratory birds or other wildlife which:

    (a) occurred before the date of this Plea Agreement, or occur on or before June 15, 2012;

7

(b) are known to the United States at the time of the signing of this Plea Agreement; or

(c) are not presently the subject of negotiation or litigation between the Defendant or its subsidiaries, agents, or employees, and the United States, because they are not known either to the United States or to Defendant.

The provisions of this non-prosecution provision apply to the take of migratory birds caused by any aspect of Defendant's oil and gas production facilities located in the District of North Dakota. The United States will not charge any past takes occurring before the signing of this plea agreement and will forego prosecution of any takes that occur during the grace period through June 15, 2012.

16. Defendant acknowledges and understands that if Defendant violates any term of this Plea Agreement, engages in any further criminal activity except as may be covered by the preceding paragraph, the United States will be released from its commitments under this Plea Agreement. In that event, this Plea Agreement shall become null and void, at the discretion of the United States, and Defendant will face the following consequences: (1) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against Defendant and to use any information obtained directly or indirectly from Defendant in those additional prosecutions. Nothing in this agreement prevents the United States from prosecuting

Defendant for perjury, false statement, or false declaration if Defendant commits such acts in connection with this agreement or otherwise.

17.   Defendant and Defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached (other than those set forth in this agreement) to induce Defendant to plead guilty.

18.   Defendant is aware of the right to appeal provided under Title 18, United States Code, Section 3742(a).  Because this Plea Agreement is tendered pursuant to Fed. R. Crim. P. 11(c)(1)(C), Defendant hereby waives this and any right to appeal the Court's entry of judgment against Defendant and its sentencing decision.  Defendant further waives all rights to contest Defendant's conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255.  Should the Court reject the Plea Agreement, Defendant will be permitted to withdraw its plea, the parties will be released from their commitments under this Plea Agreement, and the Plea Agreement shall become null and void.

AGREED:

Dated: 10/26/11

TIMOTHY Q. PURDON
United States Attorney

By: _____
CAMERON W. HAYDEN
Assistant United States Attorney

FIDELITY EXPLORATION &
PRODUCTION COMPANY.

Dated: October 26, 2011

By: *Timothy W Michelsen*

TIMOTHY W. MICHELSEN
Vice President – Administration, Treasurer
and Chief Accounting Officer

CROWLEY FLECK PLLP

Dated: 10/26/2011

By: *Mark L. S...*

MARK L. STERMITZ, ESQ.
Attorney for Defendant, Fidelity &
Exploration Company